NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-195-KSF

SANDRA HERNANDEZ                                                                                     PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                         DEFENDANT

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Sandra Hernandez, a Federal Bureau of Prisons ("BOP") inmate who is currently confined in the Federal Correctional Institution, in Danbury, Connecticut, originally filed herein only a *pro se* Motion for Appointment of Counsel, stating that she intends to file a civil rights action against a doctor at the Federal Prison Camp ("FPC"), in Lexington, Kentucky, where she was previously incarcerated, and so she was seeking assistance of counsel in preparing a complaint. In response to an Order of the Court, she submitted a Complaint and a Motion to Proceed *in forma pauperis*. The Motion has been granted by separate Order.

The Complaint is now before the Court for screening. 28 U.S.C. § 1915; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). In the Court's screening, as with all pleadings submitted by *pro se* litigants, the pleading is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations of the *pro se* litigant are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court must dismiss a case at any time if it determines the action is frivolous, malicious, or fails to state a

claim upon which the Court may grant relief. 28 U.S.C. § 1915(e)(2)(B).

## CLAIMS

Plaintiff claims that FPC-Lexington's Dr. Stephen M. Clancy rendered medical care which was negligent, actionable under the Federal Tort Claims Act ("FTCA"), Title 28 U.S.C. §§ 1346(b), 2671-2680. She also makes two Constitutional claims, *i.e.*, that her care amounted to deliberate indifference to her serious medical needs, a violation of the Eighth Amendment prohibition against cruel and unusual punishment, and that her due process rights were violated, both of these claims being brought pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).

## DEFENDANT

Plaintiff names the United States of America as the sole Defendant.

## RELIEF REQUESTED

The Plaintiff seeks a declaration and damages.

## FACTUAL ALLEGATIONS

Plaintiff states that she has had "back pain/injuries 2005-present." At the Federal Prison Camp ("FPC")-Lexington, she alleges, she "made several sick-call appointments for complaints of her back pain/spinal deformities, multiple back injuries, facial sores/cysts, muscle spasms, and swelling in her hands, knees, and feet," but Dr. Clancy would not order x-rays, send her to a therapist, or otherwise treat her conditions consistent with medical care which she had previously received from other doctors.

Hernandez also alleges that she twice requested that she be transferred to another prison so as to have another doctor, but these requests were denied. Further, "[t]he Defendant used retaliation

because the petitioner used the grievance procedure to try to resolve her medical issues." Additionally, she was purportedly harassed by staff and inmates because of her medical conditions.

Plaintiff states that she did not receive adequate medical care until she was transferred away from FPC-Lexington. She claims that she has now exhausted the BOP's administrative remedy system, although the last step in the process was delayed; and that she has also submitted an administrative FTCA claim form for negligence, which is currently pending.

## DISCUSSION

The Court begins with a pre-condition to suit. As of April 26, 1996, the effective date of the Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321-71, Congress imposed a pre-condition on prisoner-plaintiffs, requiring that they must have exhausted "such administrative remedies as are available," prior to filing a lawsuit. 42 U.S.C. § 1997e(a).

For prisoners complaining of any issue regarding their incarceration, the BOP has formulated a 4-tiered administrative remedy process in regulations. *See* 28 C.F.R. §§ 542.10-.19 (1998). The administrative scheme provides for a prisoner to raise a matter informally, then obtain a response from the highest official at the prison or prison camp, and if still not satisfied, appeal to higher BOP officials in the applicable region and nationally.

Specifically, 28 C.F.R. § 542.13(a) demands that an inmate "shall first present an issue of concern informally to staff . . . before an inmate submits a Request for Administrative Remedy," thereby completing the first tier and providing BOP staff with an informal opportunity to correct the problem, before the prisoner files a formal request for an administrative remedy. "The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis

for the Request occurred." § 542.14.

The remaining levels also impose time limitations on both the institution and the prisoner. Warden has 20 days to respond to a BP-9. § 542.18. If the inmate is not satisfied with the Warden's response, within 20 days, he may appeal (BP-10 form) to the Regional Director, who has 30 days to respond. If the prisoner is not satisfied with the Regional Director's response, then within 30 days of that response, he may appeal (BP-11) to the Office of General Counsel, which has 40 days to respond. *See* § 542.15 (a).

Plaintiff states, and her attached exhibits show, that in 2006, she began and pursued an administrative remedy, identified as Remedy No. 412472, requesting medical attention at FPC-Lexington, through the first three administrative levels. On August 14, 2006, the Regional Director responded to her BP-10, the response summarizing her medical care and claiming that the doctor's plan of care "is adequate and complete." However, as admitted by Hernandez and shown in her exhibits, she did not go to the next and final step within 30 days, as the BOP administrative remedy scheme requires. She did not file a BP-11 until 18 months later, in March of 2008.

The question is, therefore, whether tardily completing the final step in the available administrative process amounts to exhaustion of the available administrative remedies and satisfaction of the exhaustion pre-condition to suit. The Supreme Court of the United States has already decided that it does not. The High Court held that the law requires not only exhaustion of the available administrative remedy process, but *proper* exhaustion of that administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81 (2006).

In *Woodford v. Ngo*, the Supreme Court discussed the purposes of exhaustion as stated in its earlier opinions about the PLRA, including *Porter v. Nussle*, 534 U.S. 516 (2002), and *Booth v.*

4

*Churner*, 532 U.S. 731 (2001), and then stressed that the benefits of exhaustion "can be realized only if the prison grievance system is given a fair opportunity to consider the grievance." *Id.* at 95. That cannot happen "unless the grievant complies with the system's critical procedural rules." *Id.* Proper exhaustion, the Court ruled, includes "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90.

Plaintiff admits that she did not meet the BOP deadline for the final step in the BOP administrative process. Therefore, on the face of the complaint itself, Hernandez admits that she did not properly exhaust the available administrative remedies, and the law has developed that a prisoner's complaint, which shows on its face that relief is barred, may be dismissed, *sua sponte*, at the screening stage. *Jones v. Bock*, 549 U.S. 199, ____, 127 S.Ct. 910, 920-21 (2007).

By not properly exhausting prior to filing in federal court, no benefit can be had – even to the Plaintiff. She deprives herself of a right to litigate, takes away from BOP officials an opportunity to have medical complaints reviewed at the highest level, and robs the Court of a record. *See also Brice v. Day*, 604 F.2d 664 (10th Cir.), *cert. denied*, 444 U.S. 1086 (1980); *Lyons v. United States Marshals*, 840 F.2d 202 (3rd Cir. 1988). Therefore, the Plaintiff's constitutional claims about her medical care cannot go forward.

Hernandez's negligence claim under the FTCA is also not exhausted. The administrative process for negligence claims against a United States agency is contained in separate Department of Justice regulations. The process begins as follows:

> a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property . . . .

28 C.F.R. § 14.2(a)(1991); *Mora v. United States*, 955 F.2d 156, 160 (2nd Cir. 1992). *See Conn v. United States*, 867 F.2d 916, 918 (6th Cir. 1989) (filing a standard Form 95 claim with the Bureau of Prisons satisfies the presentment requirement under 28 U.S.C. § 2675(a)).

The instant Plaintiff has submitted to the Court the FTCA Form 95 [Record No. 2] which she filed with the BOP on April 22, 2008; and she has also filed the BOP's May 5, 2008 letter acknowledging receipt of the claim [Record No. 4]. In the latter document, the BOP gave her a claim number, 2008-04158, provided directions for her to submit information necessary to continue her claim, and informed her that the BOP has six months from the date it received the claim, on May 2, 2008, in which to review and adjudicate her claim. The time for the BOP to respond to Hernandez's claim will run on November 2, 2008. Plaintiff herself has described the claim as only "pending," not decided.

Thus, Plaintiff has demonstrated that she began the FTCA administrative remedy process and that the BOP has received it, but she has admitted that her claim is not exhausted. Again, the face of the Complaint shows that her claim, this time the FTCA claim, was/is not exhausted prior to her filing herein on June 11, 2008.

According, the Court being advised, **IT IS ORDERED** as follows:

(1) This action will be **DISMISSED**, *sua sponte*;

(2) Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendant; and

(3) Plaintiff's Motion for Appointment of Counsel [Record No. 2] is **DENIED** as moot.

This 11th day of July, 2008.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge