NOT RECOMMENDED FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-CV-195-KSF

SANDRA HERNANDEZ                                                      PLAINTIFF

VS:               **AMENDED MEMORANDUM OPINION AND ORDER**

UNITED STATES OF AMERICA                                        DEFENDANT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

This matter is before the Court on the post-Judgment Motions of the disappointed Plaintiff to amend her original complaint and for the Court to reconsider its dismissal of this action.

## BACKGROUND

On June 11, 2008, Sandra Hernandez, a Federal Bureau of Prisons ("BOP") inmate who is currently confined in the Federal Correctional Institution, in Danbury, Connecticut, initiated this action regarding her medical care in her previous place of incarceration, the Federal Prison Camp ("FPC"), in Lexington, Kentucky.  She charged that during her time there, from June of 2005 until her transfer to Danbury on June 27, 2007, an FPC doctor named Stephen M. Clancy neglected her and violated her rights under the U.S. Constitution's due process clause and Eight Amendment.

After screening her complaint, on July 11, 2008, the Court issued a Memorandum Opinion and Order, in which it dismissed both her Constitutional claims brought pursuant to 28 U.S.C. § 1331 and the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), and also dismissed her construed negligence claim under the Federal Tort Claims Act ("FTCA").  The Court found that it was apparent on the face of the complaint that her exhaustion

of the BOP administrative process was untimely, thus barring her Constitutional claims, and that she had not yet exhausted the FTCA administrative scheme, as the Claim Form 95, attached to her complaint was submitted only 6 weeks prior to filing the complaint herein and the BOP has 6 months in which to file a response to it.  A contemporaneous Judgment was entered against Plaintiff.

## MOTIONS

Hernandez initially responded to the Court's decision with a Motion to Amend her complaint. Although she claims, incorrectly, that exhaustion is not required for monetary damages, she makes two requests for amendments of the complaint, and upon the Court's granting the two amendments, she seeks a re-screening of the complaint.  The two amendments are to demand only damages as the relief requested and to include as an original exhibit the BOP's letter of denial of her FTCA claim, which she attaches to this Motion, so as to show that the FTCA administrative process was exhausted as of July 2, 2008.

Shortly thereafter, but in a timely manner, the Plaintiff submitted a formal Motion for Reconsideration.  She repeats her misunderstanding of the law as not requiring exhaustion for Section 1331 claims or for administrative schemes which do not provide for damages as available relief.  However, she also points out that amendments should be freely permitted and that the FTCA claim was exhausted prior to the Court's screening and dismissal, as evidenced by the date, July 2, 2008, on the letter of denial.  She would have sent a copy earlier, she explains, if she had the money for making copies.

## ORDER

The Court is persuaded by the Sixth Circuit's decision in *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001), that the FTCA claim should not be dismissed.  In *Curry*, under similar circumstances,

2

the ruling of the United States District Court for the Southern District of Ohio was affirmed, the appellate court writing as follows:

> . . . As noted, the district court concluded that these six plaintiffs could continue to pursue their claims in federal court because they had fully exhausted those claims prior to the filing of their amended complaint, and had proffered documentation to the court clearly confirming that fact. . . .

*Id.* at 501-02.   This Court finds that the instant Plaintiff, similarly, exhausted the FTCA administrative remedies prior to her motion to amend her complaint and prior to the Court's screening.

For the foregoing reasons, therefore, the Court will grant the pending Motions and require the United States, the only proper Defendant in an FTCA action, to respond to Hernandez's negligence claim.  Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff's Motion to Amend [Record No. 13] is **GRANTED,** and the complaint is amended only (a) to demand only damages as relief; and (b) to include the July 2, 2008 letter attached to this Motion as an attachment to the original complaint showing exhaustion.

(2)     Plaintiff's Motion for Reconsideration [Record No. 14] is **GRANTED** to the extent set out below.

(3)     The Court's Judgment of July 11, 2008 [Record No. 11] is hereby **SET ASIDE** and shall hereafter be held **FOR NAUGHT**.

(4)     The Court hereby **VACATES** that portion of the Court's Memorandum Opinion and Order of July 11, 2008 [Record No. 10] which holds that the Plaintiff's FTCA claim is unexhausted and is dismissed for lack of exhaustion.

(5)     The Clerk of the Court shall prepare and issue a summons for the United States of

3

America.  Additionally, the Clerk shall make 3 sets of copies of the summons and mark one set to be served on the United States Attorney General, in Washington, D.C.; one set to be served on the United States Attorney for the Eastern District of Kentucky; and one set to be served on the Federal Bureau of Prisons.

(6)     The Clerk shall also prepare as many copies of the complaint [Record No.2] and of the instant Order as there are summonses and any required USM Forms 285.  If insufficient information exists to sufficiently or effectively complete any summons or USM Form 285 regarding any Defendant, the Clerk shall promptly make a Clerk's entry on the docket stating why the Clerk cannot fill out the summons or USM Form 285 or any other documents necessary to effectuate service.

(7)     After the Clerk's office has prepared the summons' copies, USM Forms 285, complaint copies, copies of this Order, and/or any other documents necessary to effectuate service, a Deputy Clerk shall hand deliver said documents to the United States Marshal's Office in Lexington, Kentucky.

(8)     The Deputy Clerk making the delivery to the Marshal's Office shall enter a notice of the time and fact of the delivery into the instant record.

(9)     The United States Marshal shall serve the copies of the summons, complaint, and this Order on the United States Attorney General in Washington, D.C., and on the United States Attorney for the Eastern District of Kentucky, and on the Federal Bureau of Prisons, all service to be made by certified mail, return receipt requested, or by personal service at the option of the U.S. Marshall.

(10)     The United States Marshal shall make a return report to the Court of whether the summons is executed or is still unexecuted within forty (40) days of the date of entry of this Order.

4

(11)    Plaintiff shall keep the Clerk of the Court informed of his current mailing address.

**Failure to notify the Clerk of any address change may result in a dismissal of this case.**

(12)    For every further pleading or other document he wishes to submit for consideration by the Court, the plaintiff shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. The plaintiff shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. ***The Court will disregard any notice or motion which does not include this certification.***

(13)    The Plaintiff must communicate with the Court ***solely*** through notices or motions filed with the Clerk's Office. ***The Court will disregard correspondence sent directly to the Judge's chambers.***

This 12th day of August, 2008.



Signed By:

***Karl S. Forester***   K S F

**United States Senior Judge**

5